UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSICA LORTON, RIKKI SAMPSON, JAZMIN PATRICK and HEWAN LIBEN, <br><br> **Plaintiffs,** <br><br> vs. <br><br> WBY, INC., D/B/A FOLLIES, STEVEN YOUNGELSON and SURREY WHITE, <br><br> **Defendants.** | CIVIL ACTION FILE <br><br> NO.:__1:21-cv-04725-MLB_____ |

## COMPLAINT

COME NOW JESSICA LORTON, RIKKI SAMPSON, JAZMIN PATRICK and HEWAN LIBEN, Plaintiffs, and file their Complaint for violation of the minimum wage and overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as amended (hereafter "FLSA") against Defendants WBY, INC., D/B/A FOLLIES, STEVEN YOUNGELSON and SURREY WHITE (collectively "Defendants") and show:

## INTRODUCTION

1.    Plaintiffs JESSICA LORTON, RIKKI SAMPSON, JAZMIN PATRICK and HEWAN LIBEN are former waitresses of Defendants who were (i)

misclassified as independent contractors, (ii) not paid the minimum and/or overtime wage, and (iii) required to pay various fees, tip-outs and other expenses to work for Defendants. They seek recovery of their lost minimum and overtime wages, including the fees and expenses they paid to work, an equal amount in liquidated damages, and reasonable attorneys' fees and costs incurred as a result of Defendants' unlawful activities.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA.

3.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiffs worked in this District.

## PARTIES

4.     Plaintiff JESSICA LORTON ("Lorton") worked for Defendants as a waitress during the past three years.  Lorton is an employee within the meaning of the FLSA.

5.     Plaintiff RIKKI SAMPSON ("Sampson") worked for Defendants as a waitress during the past three years. Sampson is an employee within the meaning of the FLSA.

6.      Plaintiff JAZMIN PATRICK ("Patrick") worked for Defendants as a waitress during the past three years. Patrick is an employee within the meaning of the FLSA.

7.      Plaintiff HEWAN LIBEN ("Liben") worked for Defendants as a waitress during the past three years. Liben is an employee within the meaning of the FLSA.

8.      Defendant WBY, INC. D/B/A/ FOLLIES ("Follies") is a corporation organized and existing under the laws of the State of Georgia. FOLLIES may be served at its principal office or registered agent located in Atlanta, Georgia. At all times mentioned herein, FOLLIES was an employer of each Plaintiff within the meaning of 29 U.S.C. § 203(d).

9.      Defendant STEVEN YOUNGELSON ("Youngleson") is the owner and an employee, officer and director of FOLLIES. Youngelson acted directly or indirectly on behalf of FOLLIES with respect to Plaintiffs' compensation and other terms and conditions of their employment, and, at all times mentioned herein was an "employer" or joint employer of Plaintiff within the meaning of the FLSA.

10.      Defendant SURREY WHITE ("White") is the owner and an employee, officer and director of FOLLIES. White acted directly or indirectly on behalf of FOLLIES with respect to Plaintiffs' compensation and other terms and

conditions of their employment, and, at all times mentioned herein was an "employer" or joint employer of Plaintiff within the meaning of the FLSA.

## COMMON FACTUAL ALLEGATIONS

11.    Defendants owned and operated the FOLLIES, an Atlanta, Georgia, nightclub featuring nude female dancers (hereinafter "the Club").

12.    In addition to providing nude dancing, the Club served alcohol and food to its customers.

13.    Plaintiffs were employed as waitresses at the Club during the past three years.

14.    As waitresses, Plaintiffs served food and alcohol to Follies' customers, bussed tables, re-stocked service items and cleaned the tables and the premises.

15.    Lorton worked as a waitress from on or about April 2016 until March 2020.

16.    Sampson worked as a waitress from on or about February 2013 until mid-2016, and on or about March 2018 until March 2020.

17.    Patrick worked as a waitress from on or about August 2018 until March 2020.

18.     Liben worked as a waitress from on or about September 2018 until March 2020.

19.     Lorton, Sampson, Patrick and Liben worked the night shift at Follies.

20.     On the night shift, Lorton, Sampson, Patrick and Liben were scheduled to work from 7:30 p.m. until closing (2:00 am/12:00 am depending on the day of the week).

21.     After closing, Lorton, Sampson, Patrick and Liben were required to clean up the premises which took an additional thirty minutes to an hour each shift.

22.     Patrick worked the night shift on Thursday, Friday, Saturday and Sunday nights, and occasionally Wednesday nights.

23.     Lorton worked the night shift on Thursday, Friday, Saturday and Sunday nights.

24.     Sampson worked the night shift on Thursday, Friday, Saturday and Sunday nights, and Monday night every other week.

25.     Liben worked the night shift on Wednesday, Thursday, Friday, Saturday and Sunday nights, and Monday night every other week.

26.     Follies did not pay any wages to Plaintiffs or any other waitress working at Follies.

27.     Plaintiffs were compensated entirely by tips from Follies' customers.

28.     Plaintiffs were required to wear a uniform and pay the costs of the uniform.

29.     Plaintiffs were required to pay certain fees to Follies and its bartenders, bar-backs, bouncers, security personnel and valets each shift.

30.     The required costs, fees and expenses were a condition of Plaintiffs' employment and are recoverable as part of Plaintiffs' wage loss under the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. §§ 206

31.     Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference.

32.     At all times material hereto, Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA, 29 U.S.C. § 206.

33.     Each Defendant is an "employer" or joint employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

34.     Follies was engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

35.     Follies operates/operated an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has/had employees

engaged in commerce, and because its annual gross volume of sales were more than $500,000 in 2017 - 2020.

36.    At all times material hereto, Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage. In fact, Defendants paid no wage whatsoever to Plaintiffs.

37.    Each Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b). A consent to sue executed by each Plaintiff is attached to this Complaint.

38.    Plaintiffs are entitled to payment of their minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

39.    Defendants' requirement that Plaintiffs pay fees and expenses as a condition of their employment violated the "free and clear" requirement of 29 CFR 531.35, thereby constituting unlawful kickbacks in violation of the FLSA.

40.    Defendants willfully violated the FLSA. Defendants have been aware since at least 2018 that their compensation policies pertaining to waitresses were unlawful. Upon information and belief, Defendants have been advised by counsel that their employment policies pertaining to waitresses were unlawful.

41.    As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with

FLSA §16(b), 29 U.S.C. § 216(b).

42.    As a result of their violation of the minimum wage provisions of the FLSA, Defendants are jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

## COUNT II
## OVERTIME WAGE CLAIM (Violation of 29 U.S.C. § 207)

43.    Plaintiffs repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference.

44.    Plaintiff Liben worked over forty hours per week every other week during her employment with Defendants.

45.    Defendants failed to pay Liben the applicable overtime wage for each hour in excess of forty (40) during each workweek in which she worked in violation of 29 U.S.C. § 207.

46.    Defendants knowingly, intentionally and willfully violated the FLSA by not paying Liben the overtime wage required under the FLSA.

47.    There is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after they learned that their policies violated

the FLSA.

48.    Due to Defendants' willful FLSA violations, Liben is entitled to recover from Defendants, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court grant relief as follows:

a.    Issue a declaratory ruling that (i) Plaintiffs are employees under the FLSA, (ii) Defendants are employers under the FLSA, and (iii) Defendants violated 29 U.S.C. §§ 206 and 207;

b.    As to Count I, award Plaintiffs judgment for wages at the minimum rate, including the recovery of all payments reducing wages below the minimum wage, as well as liquidated damages, interest and attorneys' fees as provided for under the FLSA;

c.    As to Count II, award Plaintiff Liben judgment for overtime wages, including the recovery of all payments reducing wages below the overtime wage, as well as liquidated damages in an equal amount, interest and attorneys' fees as provided for under the FLSA;

d.      Award Plaintiffs' costs of this action, including expert fees;

e.      Grant Plaintiffs a trial on all issues so triable; and

f.      Award Plaintiffs such other and further relief as the Court may deem

just and proper.

This 16th day of November, 2021.

                                        DUDLEY LAW, LLC

                                        /s/Ainsworth G. Dudley
                                        Ainsworth G. Dudley
                                        Georgia Bar No. 237215

4200 Northside Parkway, 1 – 200
Atlanta, Georgia 30327
Tel. 404.237.2150
adudleylaw@gmail.com


                                        G. ROGER LAND & ASSOCIATES

                                        /s/Mitchell Graham
                                        Mitchell Graham
                                        Georgia Bar No. 121079

4200 One North Parkway Square
4200 Northside Parkway, N.W.
Atlanta, GA 30327-3054
(404) 237-2500
(404) 365-6560 (fax)
mitchell@lawnet.org